```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/01/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL DUNAWAY,

                             Plaintiff,

   -against-

THE VILLAGE OF MAMARONECK, THE COUNTY OF WESTCHESTER, JOHN DOES 1-5,

                             Defendants.

No. 22 Civ. 08823 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

    Plaintiff Michael Dunaway, proceeding *pro se*, brings this action against Defendants Village of Mamaroneck (the "Village") and the County of Westchester (the "County", and with the Village, "Defendants"), as well as five John Doe defendants. (*See* Complaint, "Compl.," ECF No. 2.) As against Defendants, liberally construed, Plaintiff asserts a single claim pursuant to 42 U.S.C. §1983 ("Section 1983") for inadequate medical care under the Fourteenth Amendment's due process clause. (*See id.* at 5-6.)

    The Defendants separately move to dismiss Plaintiff's single cause of action against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*See* "Village's Motion", ECF No. 22; "County's Motion", ECF No. 20.) For the following reasons, both the Village's Motion and the County's Motion are GRANTED.

**BACKGROUND**

**I.   Factual Background**

    The following facts are taken from the Complaint and assumed to be true for the purposes of the Village's Motion and the County's Motion.

    On July 11, 2019, and again on August 14, 2019, Plaintiff was taken into custody at either

Mamaroneck Jail or Westchester County Jail. (Compl. at 5.) Prior to entering custody, Plaintiff and his father had informed an unknown party that he was a Type 1 diabetic and required access to a glucose monitor and medication for proper treatment. (*Id.*) Thereafter, a judge (the "Judge") that remanded Plaintiff into custody assured him that he would retain access to his monitor and medication. (*Id.*) Plaintiff alleges, however, that once he was in custody at one or both jails, all of his belongings were confiscated, and an officer denied him access to the glucose monitoring system and medicine. (*Id.*) Plaintiff further alleges that he was not given the meals, snacks, or drinks prescribed for a Type 1 diabetic. (*Id.* at 6.) Instead, he was fed sugar and other inappropriate foods. (*Id.*) Additionally, Plaintiff asserts that he did not receive any medical attention to ensure that his glucose levels were in check. (*Id.*)

As a result, Plaintiff claims that his diabetes became out of control and unmanageable, this caused him severe emotional distress both times he was in custody. (*Id.*) Furthermore, since then, he has suffered anxiety, sleeplessness, and panic attacks as well as paranoia over his glucose levels. (*Id.*)

## II.     Procedural History

Plaintiff filed his complaint on October 14, 2022. (*See* ECF No. 2.) On January 19, 2024, both Defendants filed their respective motions to dismiss (*see* ECF Nos. 20, 22). Plaintiff failed to file an opposition to either Defendant's motion to dismiss.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for "failure to state a claim upon which relief can be granted," a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual

2

allegations are not necessary for the purposes of surviving a motion to dismiss, however "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Courts use a "two-pronged" approach to analyze a motion to dismiss. *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citing *Iqbal*, 556 U.S. at 678–79). First, the Court accepts the factual allegations in a complaint as true and draws all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 678.  At this point, the court may identify and strip away pleadings which are legal conclusions "couched as [] factual allegations[s]," which are not entitled to the assumption of truth. *Id*. at 678–79.  Second, the court is tasked with determining whether the factual allegations "plausibly give rise to an entitlement to relief." *Id*. A claim is facially plausible when the factual content pleaded allows the Court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Ultimately, determining whether a complaint states a facially plausible claim upon which relief may be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

The Second Circuit has ordered courts that "*pro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, m403 (2d Cir. 2013) (quoting *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). These submissions are not held to the rigidities of federal practice. *Massie v. Metropolitan Museum of Art*, 651 F. Supp.2d 88, 93 (S.D.N.Y. 2009). However, they will not survive a motion to dismiss unless "their pleadings contain factual allegations sufficient to 'raise

3

a right to relief above a speculative level.'" *McDaniel v. City of New York*, 585 F. Supp3d 503, 512 (S.D.N.Y. 2022) (quoting *Martinez v. Ravikumar*, 536 F.Supp.2d 369, 370 (S.D.N.Y. 2008)).

## DISCUSSION

I. *Monell* Claim

Defendants both argue that Plaintiff fails to state sufficient facts to establish a Section 1983 claim against them. They contend that instead of providing evidence of a policy or custom which caused the alleged constitutional injury, Plaintiff puts forth general conclusory statements void of any specific factual allegations. The Court agrees.

Where a plaintiff brings a constitutional claim against a municipality, the plaintiff must satisfy the requirements of *Monell v. Department of Social Services of New York City*, 436 U.S. 658 (1978). That is, the plaintiff must allege "the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer." *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) (citation omitted), *cert. denied*, 480 U.S. 916 (1987). A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted). A municipality "may not be held liable under Section 1983 on a respondeat superior theory solely because the municipality employs a tortfeasor," but rather only when it "itself caused or is implicated in the constitutional violation." *Lewis v. Westchester Cnty.*, No. 18-CV-04086 (NSR),

2020 WL 5535374, at *6 (S.D.N.Y. Sept. 14, 2020) (citation omitted). Finally, "a prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor." *Moore v. City of N.Y.*, 2019 WL 2616195, at *8 (S.D.N.Y. Jun. 26, 2019) (quoting *Dawkins v. Copeland*, 2019 WL 1437049, at *8 (S.D.N.Y. Mar. 31, 2019).

Here, even assuming Plaintiff has adequately plead an underlying constitutional violation of his Fourteenth Amendment rights,[1] he has failed to sufficiently allege an official policy or custom for a valid *Monell* claim against the Defendants. In fact, Plaintiff fails to identify *any* specific action taken by the Defendants, or their employees, that caused the violation of his constitutional rights. Rather, he merely alleges that a single officer, at an unidentified facility, wrongfully confiscated his glucose monitor and that Plaintiff did not, in his view, receive appropriate food as a diabetic detainee. (Compl. at 5-6.) Plaintiff additionally alleges that his "prescription drug list, insulin and medications were taken away," and that no one was assigned to monitor his glucose levels. (*Id.* at 6.) These allegations do not make clear which of the Defendants even employed the alleged tortfeasor(s), let alone how the Defendants have a policy or custom of depriving detainees of adequate medical care. That is, Plaintiff does not suggest that depriving diabetic detainees of adequate medical care or appropriate meals is "common or prevalent throughout the [municipalities]" and that it has achieved "permanent, or close to permanent,

---

[1] Where a plaintiff was allegedly deprived of medical care, courts construe the rights the plaintiff seeks to vindicate as arising under either the Eighth Amendment prohibition against cruel and unusual punishment, *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009), or the Fourteenth Amendment's Due Process Clause, *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.... The State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (internal quotation marks and alterations omitted). As a result, "[a] pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight[h] Amendment," *Darnell*, 849 F.3d at 29, as are claims for deliberate indifference to medical needs, *Charles v. Orange Cty.*, 925 F.3d 73, 87 (2d Cir. 2019). Because Plaintiff was a pretrial detainee during the events in question, Compl. at 5, and not a sentenced prisoner, his claim for deliberate indifference to medical needs is properly brought as a violation of his Fourteenth Amendment rights.

status." *Davis v. City of N.Y.*, 228 F. Supp. 2d 327, 346 (S.D.N.Y. 2002). Plaintiff's allegation that "no effort was made by any of the local officials, jail keepers, medical staff and court staff" to follow the Judge's directives regarding medical care, Compl. at 6, "is nothing more than a conclusory allegation, which is plainly 'insufficient to state a *Monell* claim,'" *Lewis v. Westchester Cnty.*, No. 18-CV-04086 (NSR), 2020 WL 5535374, at *7 (S.D.N.Y. Sept. 14, 2020) (quoting *Davis v. City of New York*, No. 07 Civ. 1395 (RPP), 2008 WL 2511734, at *6 (S.D.N.Y. June 19, 2008)). "Allegations lacking in specificity are not enough to support a municipal policy or that a custom exists." *Id.* "Plaintiff does not allege that other detainees have experienced a similar deprivation—nor does he identify any other detainees that require similar [medical and] food accommodations." *See Atadzhanov v. City of New York*, No. 21-CV-5098 (LJL), 2022 WL 4331304, at *11 (S.D.N.Y. Sept. 19, 2022). Plaintiff thus offers nothing more than his own personal experience, unconnected to the custom or policy of either Defendant, which is insufficient to sustain a *Monell* claim. *Cf. Sanchez v. New York Correct Care Sols. Med. Servs., P.C.*, No. 16-CV-6826 CJS, 2018 WL 6510759, at *11 (W.D.N.Y. Dec. 11, 2018) (finding the complaint pleaded *Monell* claim in case where the complaint alleged "a series of incidents involving separate actors [toward the plaintiff] over a period of at least twelve hours," explaining that it was "the consistency of these separate actors' conduct throughout this period which, in part, suggests the existence of a policy"). As a result, the Court dismisses Plaintiff's *Monell* claim against both Defendants.[2]

The Court nonetheless declines to dismiss the *Monell* claim with prejudice. "Dismissal

---

[2] In addition, the Court directed Plaintiff to file an amended complaint providing sufficient information for Defendants to identify the John Doe prison officials named in the original complaint. (*See* ECF No. 9.) The Court's order explained that if Plaintiff failed to file an amended complaint by May 12, 2023, or otherwise show good cause for failing to do so, the Court would dismiss the John Doe prison officials from the Complaint. (*Id.*) Plaintiff never filed an amended complaint, nor did he show good cause for failing to do so and, as a result, the Court dismisses all John Doe defendants from the action.

with prejudice is appropriate when the flaws in pleading are incurable." *Kling v. World Health Org.*, 532 F. Supp. 3d 141, 154 (S.D.N.Y. 2021) (internal quotation marks omitted). However, "[a] *pro se* complaint is to be read liberally. Certainly, the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). At this juncture, "the Court cannot rule out the possibility that Plaintiff's injuries were causally related to a failure to supervise…and that policymakers were 'knowingly and deliberately indifferent' to the possibility that officers would fail to remediate [medical and] food inadequacies…and otherwise made 'no meaningful attempt' to curb this conduct." *See Atadzhanov*, 2022 WL 4331304, at *12 (quoting *Amnesty Am. V. Town of W. Hartford*, 361 F.3d 113, 127 (2d Cir. 2004)). Accordingly, the Court dismisses Plaintiff's *Monell* claim without prejudice to renew if Plaintiff chooses to replead that claim and can do so with further facts establishing the basis for a claim. Plaintiff is granted leave to replead his *Monell* claim against Defendants to the extent he can provide more specific factual allegations regarding their relevant customs and policies.

II.     State Law Claims

To the extent Plaintiff asserts any state law claims against Defendants, the Court finds that such claims fail because Plaintiff did not file a notice of claim. New York law "provides that no tort action shall be prosecuted or maintained against a municipality or any of its officers, agents, or employees unless: (1) a notice of claim has been served against the [municipality]; (2) the [municipality] has refused adjustment or payment of the claim; and (3) the action is commenced within one year and ninety days after the event upon which the claim is based occurred." *Gibson v. Comm'r of Mental Health*, No. 04–CV–4350, 2006 WL 1234971, at *5 (S.D.N.Y. May 8, 2006)

(citing N.Y. Gen. Mun. Law § 50–i). A plaintiff is required to serve a notice of claim "within ninety days after the claim arises." N.Y. Gen. Mun. Law § 50–e(1)(a). Notice of claim requirements are construed strictly by New York state courts and "[f]ailure to comply with [them] ordinarily requires dismissal." *Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). In addition, "[i]t is well settled that federal courts entertaining state law claims against municipalities are obligated to apply any applicable state law notice-of-claim provisions." *Jones v. City of New York*, No. 1:19-CV-10424 (MKV), 2021 WL 4482150, at *5 (S.D.N.Y. Sept. 30, 2021) (citation omitted). Finally, a plaintiff must plead in the complaint that a notice of claim was served to properly assert a state law claim against a municipality. *Horvath v. Daniel*, 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006).

Here, Plaintiff pleads no facts concerning a notice of claim. Accordingly, to the extent he asserts state law claims against Defendants, such claims are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Defendants' motions to dismiss the Complaint are GRANTED.

Plaintiff's *Monell* claims against the Village of Mamaroneck and the County of Westchester are dismissed without prejudice. Plaintiff's state law claims are dismissed with prejudice. Plaintiff is granted leave to file an Amended Complaint as to his *Monell* claim(s). If Plaintiff chooses to do so, he will have until July 31, 2024, to file an Amended Complaint. Defendants are then directed to answer or otherwise respond within twenty-one days thereof.

If Plaintiff fails to file an Amended Complaint within the time allowed, and he cannot show good cause to excuse such failure, any claims dismissed without prejudice by this Order will be deemed dismissed with prejudice.

The Clerk of Court is kindly directed to terminate the motions at ECF Nos. 20 and 22, as well as all John Doe defendants from the action. The Clerk of Court is also kindly directed to mail a copy of this Opinion and Order to *pro se* Plaintiff at the address listed on ECF and show proof of service on the docket.

Dated: July 1, 2024  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge

9